IRMA S. CONSTANTINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Constantine v. Commissioner
Docket No. 3046-73.
United States Tax Court
T.C. Memo 1974-114; 1974 Tax Ct. Memo LEXIS 206; 33 T.C.M. (CCH) 562; T.C.M. (RIA) 74114; May 6, 1974, Filed. *206 Irma S. Constantine, pro se. Daniel J. Westerbeck, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The respondent determined a deficiency of $1,588.51 in the petitioner's 1969 Federal income tax. The issue for decision is whether the petitioner has proved her right to several deductions claimed by her in her return. FINDINGS OF FACT The petitioner, Irma S. Constantine, maintained her legal residence in Grosse Pointe, Michigan, at the time of filing her petition herein. Her Federal income tax return for the year 1969 was filed with the internal revenue service center, Cincinnati, Ohio. Mrs. Constantine was the petitioner in an earlier case decided by this Court. Irma S. Constantine, T.C. Memo. 1969-55. In that case, the Court found that the petitioner had inherited a one-twelfth interest in two pieces of property - the Macomb property and the Semler property, that such interests were sold by her prior to 1959, and that she elected to report the gains on such sales in accordance with the installment method. The Court also found that she had failed to report the proper amounts of gains on such sales for the *207 years 1958, 1959, and 1960. On her return for 1969, the petitioner deducted a long-term capital loss of $6,300 on the sale of the Semler property, various real estate taxes, interest expenses, medical expenses, and miscellaneous other items, which were disallowed by the respondent in his notice of deficiency. OPINION At the trial of this case, the petitioner failed to present any evidence to substantiate her treatment of the deductions disallowed by the respondent. On several occasions, this Court conferred with the petitioner and the counsel for the respondent for the purpose of attempting to assist the petitioner in the presentation of her case. The Court also made several attempts to assist the parties in the development of a stipulation of any facts not in controversy. The case was previously set down for trial, but on that occasion, the Court pointed out to the petitioner the difficulties that she would encounter if she attempted to proceed without the assistance of an attorney, and the Court strongly advised her to secure an attorney and continued the case in order to give her an opportunity to do so. Despite these efforts, the petitioner appeared at this trial without *208 an attorney, indicated that she did not want one, and refused to agree to any stipulations with the respondent. The petitioner's testimony was rambling, and she offered no understandable explanation of her reason for claiming the capital loss deduction in 1969. Nor did her testimony provide any satisfactory explanation of the other items of deduction claimed by her. The respondent was able and willing to make some slight concessions. It must perforce be decided that the petitioner has failed to carry her burden of proof with respect to the items remaining at issue, and the respondent's determination of deficiency will be sustained except for the concessions. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). Decision will be entered under Rule 155.